JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniela Lopez, an infant by her G.A.L. Berenice Vasquez, and Berenice Vasquez and Arturo Lopez, Individually.

**(b)** County of Residence of First Listed Plaintiff: **Bergen County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael B. Zerres, Esq. 973-635-5400
Blume Forte Fried Zerres & Molinari, One Main Street, Chatham, NJ

## DEFENDANTS
United States of America

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY (cont)**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: post Birth related medical malpractice - hip dysplasia

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/24/20

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**BLUME FORTE FRIED**
**ZERRES & MOLINARI, P.C.**
Michael B. Zerres, Esq. - NJ Bar ID# 010351988
One Main Street
Chatham, New Jersey   07928-0924
(973) 635-5400
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIELA LOPEZ, an infant by her Guardian Ad Litem, BERENICE VAZQUEZ, and BERENICE VAZQUEZ and ARTURO LOPEZ, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, JOHN DOES, M.D. 1-5, and JANE DOES, R.N. 1-5 (a class of fictitiously named defendants), and DOE PHYSICIAN GROUP, P.C. 1-5 (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or plaintiff's injury)<br><br>Defendants. | CIVIL ACTION NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION** |

Plaintiffs, DANIELA LOPEZ, an infant by her Guardian Ad Litem, BERENICE VAZQUEZ, and BERENICE VAZQUEZ and ARTURO LOPEZ, Individually, residing at 6809 Kennedy Blvd., North Bergen, NJ, by way of Complaint say:

**JURISDICTION AND VENUE**

1. The plaintiff, DANIELA LOPEZ, an infant by her Guardian Ad Litem, BERENICE VAZQUEZ, and BERENICE VAZQUEZ and ARTURO LOPEZ, Individually

2. Upon information and belief, JEANNETTE SUJOVOLSKY, D.O., and CHERYL PANEM, M.D, licensed physicians in the State of New Jersey, and, at all relevant times were employees of NORTH HUDSON COMMUNITY ACTION CORPORATION.

3. Upon information and belief, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), NORTH HUDSON COMMUNITY ACTION CORPORATION and its employees have been deemed to be federal employees and JEANNETTE SUJOVOLSKY, D.O., and CHERYL PANEM, M.D, were acting within the scope of their federal employment at the time of the events alleged herein. As such, the UNITED STATES OF AMERICA is a proper defendant in this case, as a result of being the employer of these health care providers.

4. Upon information and belief, the defendant, NORTH HUDSON COMMUNITY ACTION CORPORATION, is a corporation incorporated under the laws of the State of New Jersey with its principal place of business located in Union City, New Jersey.

5. Upon information and belief, the defendants, JOHN DOES, 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiffs' care and vacariously, administratively, or directly responsible for the other medical providers' actions and for plaintiffs' injuries) are citizens of the State of New Jersey or are corporations incorporated under the laws of the State of New Jersey having a principal place of business in the State of New Jersey.

6. This Court has exclusive subject matter jurisdiction over civil actions on claims against the defendant, UNITED STATES OF AMERICA, for, inter alia, money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his/her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred pursuant to 28 U.S.C. § 1346(b)(1).

7. Venue is proper in the United States District Court of New Jersey pursuant to 28 U.S.C. § 1391, insofar as the individual defendants were citizens of this District at the time of the occurrence and are subject to personal jurisdiction.

8. Plaintiffs first filed a Notice of Federal Tort Claim on or about May 11, 2018, and, a request for reconsideration of denial of their claim on May 21, 2019. The request for reconsideration was denied on October 30, 2019 (Exhibit A).

## FIRST COUNT

1. Plaintiffs, BERENICE VAZQUEZ and ARTURO LOPEZ, are the parents of the infant, DANIELA LOPEZ, have no interests in this action contrary to those of said infant plaintiff and have consented to act as her guardian ad litem.

2. On or about May 27, 2016, plaintiff, DANIELA LOPEZ, by her Guardian ad Litem, BERENICE VAZQUEZ, did employ NORTH HUDSON COMMUNITY ACTION CORPORATION, and was treated by JEANNETTE SUJOVOLSKY, D.O., and CHERYL PANEM, M.D, employees of defendant UNITED STATES OF AMERICA, and defendants JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries), their agents, servants and/or employees, as her physicians to render certain medical care, treatment and services to her.

3. All the defendants above were or appeared to be agents, servants and employees of defendant, UNITED STATES OF AMERICA, making it vicariously liable for their negligence.

4. JEANNETTE SUJOVOLSKY, D.O., CHERYL PANEM, M.D., JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries), were doctors, nurses or other health care personnel employed by defendant, UNITED STATES OF AMERICA (NORTH HUDSON COMMUNITY ACTION CORPORATION.

5. Said defendants, their agents, servants and/or employees were negligent and careless in the medical treatment that was rendered to plaintiff on, prior and subsequent to May 27, 2016, did deviate from accepted standards in rendering said medical care as a result of which plaintiff sustained serious, painful and permanent injuries, was caused to endure great pain and suffering, was caused to become disabled, will in the future lose large sums of money for wages, was obliged to expend large sums of money for medical care and attention, will in the future be obliged to expend large sums of money for medical care and attention, and, has sustained a loss of enjoyment of life.

WHEREFORE, plaintiff, DANIELA LOPEZ, an infant by her Guardian ad Litem, BERENICE VAZQUEZ, demands judgement against the defendants, together with interest and costs of suit.

### SECOND COUNT

1. Plaintiffs repeat each and every allegation of the prior count as though set forth herein at length.

2. Plaintiffs, BERENICE VAZQUEZ and ARTURO LOPEZ, are the parents of plaintiff DANIELA LOPEZ, and as such are entitled to her services.

3. Plaintiffs, BERENICE VAZQUEZ and ARTURO LOPEZ, as the parents of DANIELA LOPEZ were caused to suffer severe mental and emotional distress and anguish as the result of their daughter's injuries and have lost and will lose her services to which they otherwise would have been entitled.

4. As a result of the actions of the defendants aforesaid, plaintiffs did sustain and will continue to sustain indefinitely in the future severe mental and emotional distress and anguish.

WHEREFORE plaintiffs hereby demand damages against the defendants together with costs.

### THIRD COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as though set forth herein at length.

2. Plaintiffs, BERENICE VAZQUEZ and ARTURO LOPEZ,, are the parents of plaintiff DANIELA LOPEZ, and as such are responsible for her debts.

3. Plaintiffs, BERENICE VAZQUEZ and ARTURO LOPEZ, as the parents of DANIELA LOPEZ, have been and will be caused to incur medical and related expenses.

4. As a result of the actions of the defendants aforesaid, plaintiffs did incur and will continue to incur in the future medical and related expenses, and, further, have and will experience a loss of their daughter's services.

5. In addition, plaintiffs BERENICE VAZQUEZ and ARTURO LOPEZ have provided therapeutic services to their daughter to help treat her injury and will continue to do so in the future, and, as such they are entitled to compensation for the reasonable value of therapeutic services provided.

WHEREFORE, plaintiffs hereby demand damages against the defendants together with costs.

## FOURTH COUNT

1. Plaintiffs repeat each and every allegation of the prior Counts as though set forth herein at length.

2. The defendants failed to disclose and/or advise the plaintiffs of all the risks, benefits, treatment, options, alternatives and necessary information that a reasonably prudent person would want to have under the circumstances then existing to consider, weigh and choose knowledgeably the options available, and thus failed to give the plaintiffs the information required to make informed choices concerning medical care.

3. As a result of those failures, defendants were negligent and careless in the treatment that was rendered to plaintiff, DANIELA LOPEZ and did deviate from accepted standards in rendering said care, as a result of which plaintiff DANIELA LOPEZ sustained serious, painful and permanent injuries, was caused to endure great pain and suffering, will in the future lose large sums of money for wages, and will in the future be obliged to expend large sums of money for medical care and attention.

WHEREFORE plaintiffs demand judgment for damages against the defendants together with costs.

## FIFTH COUNT

1. Plaintiffs repeat each and every allegation of the prior Counts as though set forth herein at length.

2. Defendant, THE UNITED STATES OF AMERICA (NORTH HUDSON COMMUNITY ACTION CORPORATION) DOE PHYSICIAN GROUP, PA or DOE PHYSICIAN GROUP, PC 1-5 or DOE MANAGED CARE COMPANY is the name of the group, entity, practice and/or corporation which either employed or is otherwise vicariously liable for the negligence of defendants JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, PC 1-5, (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries) who are those persons and/or entities affiliated with defendant hospital and/or UNITED STATES OF AMERICA that had a duty to adopt, implement, oversee, review and have in effect appropriate and necessary policies, procedures and safeguards so as to ensure that appropriate care, treatment, instructions, discharge, consultations, advice, and follow-up care were provided to plaintiffs.

3. Said defendants negligently and recklessly breached those obligations described above, as result of which plaintiffs suffered the injuries, damages and losses described herein.

WHEREFORE plaintiffs hereby demand damages against all defendants together with costs.

### SIXTH COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as if set forth herein at length.

2. The defendants, JOHN DOES, M.D., 1-5 and JANE DOES, R.N., 1-5 (a class of fictitiously named defendants) and DOE PHYSICIAN GROUP, PA or DOE PHYSICIAN GROUP, PC or DOE MANAGED CARE (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, directly or administratively responsible for the other medical providers' actions or failures or plaintiff's injury) were also involved in the treatment of plaintiffs, and also deviated from accepted standards of practice and were negligent so as to cause the same injuries, losses and damages to the plaintiffs as is set forth herein.

WHEREFORE, plaintiffs hereby demand damages against the defendants, together with interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, MICHAEL B. ZERRES, has been designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated. All parties known to plaintiff at this time who should have been joined in this action, have been joined.

BLUME, FORTE, FRIED,
ZERRES & MOLINARI
Attorneys for Plaintiffs

By _____
MICHAEL B. ZERRES

DATED: March 23, 2020

# EXHIBIT A



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

OCT 3 0 2019

**CERTIFIED-RETURN**
**RECEIPT REQUESTED**
Michael B. Zerres, Esq.
Blume Forte Fried Zerres & Molinari
One Main Street
Chatham, NJ 07928

NOV -1 2019

Re: **Administrative Tort Claim of Berenice Vazquez, Individually and as Guardian Ad Litem for Daniela Paola Lopez (Minor)**
**Claim No. 2018-0450**

Dear Mr. Zerres:

On May 18, 2018, your client, Berenice Vazquez, filed an administrative tort claim, individually and as Guardian ad Litem for Daniela Paola Lopez, a minor, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, alleging, *inter alia*, that, on May 27, 2016, Jeannette Sujovolsky, D.O., and Cheryl Panem, M.D., employees of North Hudson Community Action Corporation, located in Union City, New Jersey, failed to diagnose and treat Daniela Paola Lopez's hip dysplasia. By letter dated April 15, 2019, your client's administrative tort claim was denied, and she was notified of the right to request reconsideration within six months from the date of mailing of the denial letter. On May 22, 2019, this agency received your request for reconsideration. The agency now responds to your client's request for reconsideration with regard to her administrative tort claim.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b) (2011).

Your client's claim was initially denied because the evidence failed to establish that your alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment. We have again reviewed your client's administrative tort claim, and determined that the initial decision denying your client's administrative tort claim was

Michael B. Zerres, Esq.
<u>Administrative Tort Claim of Berenice Vazquez, Individually and as Guardian Ad Litem for Daniela Paola Lopez (Minor)</u>
Page 2

correct. Accordingly, the administrative tort claim of Berenice Vazquez, individually and as Guardian ad Litem for Daniela Paola Lopez, a minor, is denied. If you are dissatisfied with this determination, you are entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

Sincerely,

*Jennifer B. Smith (by jca)*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch