NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.L., *et al.*,<br><br>             Plaintiffs,<br>       v.<br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Civil Action No.: 20-3214<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court by way of defendant United States of America's ("Defendant" or the "Government") motion to dismiss plaintiffs D.L. (an infant by her guardian *ad litem*, Berenice Vazquez), Arturo Lopez, and Berenice Vazquez's ("Plaintiffs") Complaint (ECF No. 1, "Compl.") pursuant to the New Jersey Charitable Immunity Act's ("NJCIA") absolute immunity provision, N.J.S.A. § 2A:53A-7 ("Section 7"), and Federal Rule of Civil Procedure 12(b)(1). ECF No. 16. In the alternative, Defendant moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, requesting that this Court finds that its liability is capped at $250,000 under NJCIA Section 8, N.J.S.A. § 2A:53A-8 ("Section 8"). *Id.* Plaintiffs opposed Defendant's motion (ECF No. 22), and Defendant replied (ECF No. 25). The Court has considered the submissions made in support of and in opposition to the motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Defendant's motion to dismiss and grants Defendant's alternative request for partial summary judgment.

## II.     BACKGROUND

Plaintiffs bring this negligence suit under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, against Defendant, generally alleging that North Hudson Community Action Corporation ("North Hudson") and its employees, Dr. Jeannette Sujovolsky and Dr. Cheryl Panem, failed to properly diagnose and treat D.L.'s developmental dysplasia of the hip while D.L. was a patient at North Hudson from approximately April 15, 2015, to May 31, 2016.  ECF No. 16-1 at 1.[1]  North Hudson is a federally qualified health center ("FQHC") under 42 U.S.C.A. § 1396d(B), as it receives grant money from the U.S. Department of Health and Human Services, and, therefore, North Hudson and its employees are considered employees of the Government for purposes of this action (ECF No. 16-1 at 1).  *See Dupont v. United States*, 197 F. Supp. 3d 678, 681 (D.N.J. 2016) ("Because [the entity] is a federally qualified health center, [the entity] and the employees who are named in this suit are considered employees of the Government for purposes of the FTCA, and the United States answers for the[ir] actions.").  The Court notes that North Hudson is a registered 501(c)(3) non-profit organization that offers a variety of medical services—including primary care, on-site specialty care, preventive care, well-child services, and dental services—as well as non-medical services—such as a low-cost pharmacy program, a food program, substance abuse treatment, mental health counseling, job placement services, emergency housing, and an immigration assistance program—to patients regardless of their ability to pay.  *Id.* at 22–23.

---

[1] Because Plaintiffs failed to respond to the Government's Statement of Material Facts Not in Dispute, the Court deems these facts admitted.  *See* L. Civ. R. 56.1

### III. LEGAL STANDARD

#### a. Rule 12(b)(1)

An attack on subject matter jurisdiction may be either a facial or a factual attack. *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citations omitted). In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citations omitted). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.* (citations omitted).

The Government has presented this Court with a factual attack, as the Government contends that the facts of the case preclude this Court from exercising subject matter jurisdiction. "In a factual attack on subject matter jurisdiction, plaintiff's allegations enjoy no presumption of truthfulness." *Young*, 152 F. Supp. 3d at 345. "The burden of persuasion is placed on plaintiffs to establish jurisdiction, and the Court may make factual findings beyond the pleadings that are decisive to determining jurisdiction." *Id.*

#### b. Rule 56

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Young*, 152 F. Supp. 3d at 345. When the Court weights the evidence presented by the parties, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 46 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that no genuine issue of material fact remains. *Id.* A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Id.* The nonmoving party, however, must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### IV.  DISCUSSION

As noted above, Plaintiffs bring this action against Defendant under the FTCA, alleging negligence on behalf of North Hudson and its employees. *See generally* Compl. In response, Defendant argues that the Complaint warrants dismissal because North Hudson is a non-profit organized exclusively for "charitable purposes," and, therefore, it is absolutely immune from suit under Section 7. ECF No. 16-1 at 1. In the alternative, Defendant argues that this Court should award partial summary judgment to Defendant and find that its liability is capped at $250,000 under Section 8, as North Hudson is a non-profit organized exclusively for "hospital purposes." *Id.*

#### a.  Sovereign Immunity and the FTCA

Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XL. The United States Supreme Court has interpreted the Eleventh Amendment as

4

affirming "the fundamental principle of sovereign immunity" as a limit on a federal court's judicial authority. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

Due to sovereign immunity, a federal court does not have jurisdiction over suits against the Government unless Congress, by statute, expressly and unequivocally waives the Government's immunity to suit. *United States v. Craig*, 694 F.3d 509, 511 (3d Cir. 2012) (citations omitted). Congress waived the Government's immunity to suit here under the FTCA, which "does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United States*, 667 F.3d 363, 372–74 (3d Cir. 2011).

Specifically, Plaintiffs must satisfy the following six threshold requirements to establish liability against the Government under the FTCA: (1) the suit must be brought against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See Gremminger v. United States*, 2017 WL 1170853, at *3 (D.N.J. Mar. 29, 2017).

As for the final criteria, neither party contests that New Jersey negligence law applies, nor that the Government "stands in the shoes" of North Hudson and its employees, and, thus, can assert "any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." *Id.* (citing 28 U.S.C. § 2674). Nevertheless, while the parties do not dispute that Defendant can raise a defense under the NJCIA, they contest, as noted above, whether Sections 7 and 8 apply here.

*See Joseph v. Vaydovsky*, No. 17-927, 2018 WL 5095990, at *5 (D.N.J. Oct. 18, 2018) ("The most prominent distinction between nonprofit entities organized exclusively for charitable . . . purposes under Section 7 and nonprofits organized exclusively for hospital purposes under Section 8 is that the former are immune from liability while the latter are subject to liability for negligence, albeit with a cap on its damages.") (citations omitted).

      b. **Section 7 – Absolute Immunity**

Section 7 shields a defendant from tort liability where it "(1) was formed as a nonprofit corporation, society, or association; (2) is organized exclusively for . . . charitable . . . purposes; and (3) was advancing those purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works." *See Gremminger*, 2017 WL 1170853, at *5 (citations omitted). While Plaintiffs concede that North Hudson was a nonprofit corporation that was advancing such purposes at the time D.L. was injured, they dispute that North Hudson was organized exclusively for charitable purposes within the meaning of Section 7. *See generally* ECF No. 22.

Courts "conduct a factual analysis beyond the benevolent acts" of the defendant at issue when the charitable purpose requirement under Section 7 is in dispute. *See Gremminger*, 2017 WL 1170853, at *5 (citations omitted). In particular, courts look to a defendant's "funding, charter, daily operations, relationships to other entities, and the extent to which [the defendant] lessens a burden on the government." *Id.* (citations omitted). Ultimately, "[t]the essence of the public policy favoring charitable immunity is the preservation of private charitable contributions for their designated purposes," and, accordingly, the "essential characteristic" of an entity organized exclusively for charitable purposes within the meaning of Section 7 is the receipt of "a substantial amount" of charitable contributions from private donors. *Id.* at 7 (citations omitted).

Here, Defendant argues that North Hudson was organized exclusively for charitable purposes because it: (1) receives contributions from private donors; (2) provides medical and other social services to undeserved communities, often at little to no cost, and; (3) its incorporation documents and tax filings demonstrate a charitable purpose. ECF No. 16-1 at 19 –30.  Plaintiffs, on the other hand, aver that North Hudson is not organized exclusively for charitable services within the meaning of Section 7 as it, like most FQHCs, represents the "modern hospital," namely that it offers a hybrid model of medical and non-medical services—such as therapy, educational programs, and counseling—to patients regardless of their ability to pay. ECF No. 22 at 11–17 (citing *Gremminger*, 2017 WL 1170853, at *7–9 (quoting *Kuchera v. Jersey Shore Fam. Health Ctr.*, 221 N.J. 239, 245–55 (2015))).

Defendant concedes that "its argument for absolute immunity [under Section 7] is contrary to the holdings of other judges within this District concerning medical malpractice matters involving federally qualified health centers." ECF No. 16-1 at 31.[2]  As such, in accordance with the relevant case law and its application to the facts of this case, Defendant's purported invocation of Section 7 is without merit.

First, North Hudson neither actively solicits charitable contributions, nor fundraises, and its charitable contributions constituted "less than one tenth of one percent" of its revenue in 2016—

---

[2] Defendant citing:  *Fiori-Lacivita v. Franco-Palacios*, No. 16-4445, 2019 WL 2082957, at *5–6 (D.N.J. May 13, 2019) (finding that the FQHC at issue was organized exclusively for hospital purposes and, therefore, declining to apply absolute immunity under Section 7, but applying the damages cap under Section 8); *Joseph*, 2018 WL 5095990, at *8 (same); *Juarez-Atilano v. United States*, No. 16-9438, 2018 WL 3866693, at *8 (same); *Mendez v. United States*, No. 14-7778, 2017 WL 1882472, at *3–5 (D.N.J. May 9, 2017) (same); *Gremminger*, 2017 WL 1170853, at *6–10 (same); *Dupont*, 197 F. Supp. 3d at 683–91 (same); *S.M. v. United States*, No. 13-5702, 2016 WL 7374530, at *2–6 (D.N.J. Dec. 20, 2016) (same); *Young v. United States*, 190 F. Supp. 3d 378, 382–85 (D.N.J. 2016) (concluding that Section 8 damages cap applies to FQHC and thus to the Government).

the year in which D.L. was treated at North Hudson (ECF No. 22-1 at 8–9). *See, e.g.*, *Gremminger*, 2017 WL 1170853, at *8 (FQHC was not organized exclusively for charitable purposes where charitable donations constituted only 5.4% of the FQHC's annual revenue and where the FQHC "neither actively solicit[ed] charitable contributions, nor . . . held any charitable fundraising events in support of its medical operations").

Second, while Defendant asserts that North Hudson offered a variety of medical and non-medical services to underserved communities, the Court notes that "charity care is a core function of a [modern] hospital," and, therefore, this type of practice "is not sufficient to transform a medical facility that is otherwise organized for 'hospital purposes' into a charitable entity within the meaning of the NJCIA." *Id.* at 10 (citations omitted).

Third, to the extent that Defendant argues that North Hudson's 501(c)(3) status is synonymous with having an exclusively charitable purpose under Section 7, it is mistaken. *Fiori-Lacivita*, 2019 WL 2082957, at *5 ("[A]s Plaintiff rightly points out, the Government mistakenly suggests that [FQHC's] 501(c)(3) status is synonymous with having an exclusively charitable purpose under Section 7 of the NJCIA.") (citations omitted).  Rather, North Hudson's operations, and not its incorporation documents and tax filings, are relevant, and its operations "reflect[] those of a hospital [as] it offer[s] medical serves related to primary care, on-site specialty care, and preventative care, as well as . . . related support and enabling health services." *Gremminger*, 2017 WL 1170853, at *11 (citations omitted); *S.M.*, 2016 WL 7374530, at *5 (holding that a FQHC's "daily operations also reflect those of a hospital" notwithstanding it's 501(3)(c) status, and that it is "error to confine 'hospital purposes' to the vintage conception of a hospital as a facility providing a site for physicians to provide acute and continuous inpatient care for their patients") (citations omitted); *see also* ECF No. 16-2 (North Hudson's official mission was "to promote and improve

the quality of life and to eliminate factors leading to poverty for Northern New Jersey residents *by providing comprehensive health and social services*") (emphasis added).

Accordingly, Defendant has failed to meet its burden of establishing absolute immunity under Section 7.

### c. Section 8 – $250,000 Damages Cap

In the alternative, Defendant argues that this Court should find that its liability is capped at $250,000 under Section 8. ECF No. 16-1 at 31–38.

Section 8 limits an entity's liability to $250,000 for negligence claims brought under New Jersey law where the entity: (1) "is formed as a nonprofit corporation"; (2) "is organized exclusively for hospital purposes"; (3) "was promoting those objectives and purposes at the time the plaintiff was injured"; (4) "the plaintiff was a beneficiary of the activities of the hospital." *Gremminger*, 2017 WL 1170853, at *5 (citations limited). The sole issue under Section 8 here is whether North Hudson "is organized exclusively for hospital purposes." *Id.* (citations omitted).

The Court notes that this district has routinely embraced an expansive definition of "hospital purposes" under Section 8 to include FQHCs, like North Hudson, that represent the "modern hospital," *i.e.*, a hospital that offers a hybrid model of medical and non-medical services to patients regardless of their ability to pay. *See e.g., Id.* (FQHC was entitled to the NJCIA's $250,000 cap on damages under Section 8 where it depicted the "modern hospital" by offering various medical and non-medical services to undeserved communities); *Mendez*, 2017 WL 1882472, at *3–5 (same); *S.M.*, 2016 WL 7374530, at *2–6 (same).

*S.M.* is particularly instructive. *See* 2016 WL 7374530, at *2–6. There, the plaintiff filed an FTCA claim against the Government, alleging that an FQHC provided her with treatment that fell below the applicable standard of care. *Id.* While the Court declined to adopt the Government's

9

argument that it was immune from suit under Section 7, the Court nevertheless applied Section 8 to cap the Government's damages at $250,000. *Id.* In support of this finding, the Court highlighted that the FQHC at issue offered an array of medical services, such as affordable primary care, on-site specialty care, and preventative care, in addition to various non-medical services, including health and financial counseling programs. *Id.*

Accordingly, consistent with the above line of cases, the Court finds that North Hudson is organized exclusively for hospital services within the meaning of Section 8, and, therefore, the Government's liability is capped at $250,000.

## V.     **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 16) seeking absolute immunity under Section 7 is denied, but Defendant's alternative request for partial summary judgment (*id.*) concerning a damages cap of $250,000 under Section 8 is granted. An appropriate Order accompanies this Opinion.

**DATED**:  September 13, 2021

　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**